**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **QUINCY BIOSCIENCES, LLC,** | |
| **Plaintiff,** | **Case No. 1:17-cv-7594** |
| **v.** | |
| **EMILY SEARS,** **EJ SEARS ENTERPRIZES,** **EMILY-TASTIC and** **EMILYS_FINDS247** | **JURY REQUESTED** |
| **Defendants.** | |

**INITIAL JOINT STATUS REPORT**

Plaintiff Quincy Bioscience, LLC ("Plaintiff" or "Quincy") and Defendants Emily Sears, EJ Sears Enterprizes (collectively "Sears" or "the Defendants") (originally named Defendants Emily-Tastic and Emilys_Finds247 were dismissed from this action on October 31, 2017 (see Docket Items No. 11-12)) hereby by, and through their respective counsel, submit the following Initial Joint Status Report.

**1.**      <u>**Type of Report**</u>

The parties jointly submit this Initial Status Report.

**2.**      <u>**Service of Process**</u>

The Defendants were personally served on October 25, 2017. Service of Process of all defendants remaining in the action is complete.

**3.**      <u>**The Nature of the Case**</u>

         **a.**      **Attorneys of Record**

*For the Plaintiff:*

Sanjay S. Karnik, Member of the United States District Court for the Northern District of Illinois and admitted to practice in Illinois: Amin Talati Upadhye, LLP, 100 S. Wacker Drive, Ste. 2000, Chicago, IL 60606, (312) 327-3327, sanjay@amintalati.com.

Jonathan J. Krit, Member of the United States District Court for the Northern District of Illinois and admitted to practice in Illinois: Amin Talati Upadhye, LLP, 100 S. Wacker Drive, Ste. 2000, Chicago, IL 60606, (312) 327-3357, jonathan@amintalati.com. Mr. Krit is a member of the Trial Bar of the Northern District of Illinois.

*For the Defendants:*

Belinda J. Scrimenti, Member of the United States District Court for the Northern District of Illinois and admitted to practice in Illinois, Ohio, Virginia and the District of Columbia: Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP, 200 South Wacker Drive Suite 2900 , Chicago, IL 60606-5896, Direct: (312) 554-7935 Main, (312) 554-8000 Fax: (312) 554-8015, BJS@pattishall.com. Ms. Scrimenti is a member of the Trial Bar of the Northern District of Illinois.

 Paul A Borovay, Member of the United States District Court for the Northern District of Illinois and admitted to practice in Illinois: Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP, 200 South Wacker Drive, Suite 2900, Chicago, IL 60606-5896, Direct: (312) 554-7954, PAB@pattishall.com

### b.    Basis for Federal Jurisdiction

*Plaintiff:*

Federal jurisdiction exists over the federal trademark and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. This Court

has supplemental jurisdiction over the claims in this Complaint which arise under state statute and the common law of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

*Defendants*:

Defendants contest the court's subject matter and personal jurisdiction, as well as the venue. Defendants intend to file a Motion to Dismiss for Lack of Jurisdiction Improper Venue and, in the alternative, to transfer venue under the Federal forum *non conveniens* statute , 28 U.S.C. § 1404.

### c.    Nature of the Claims Asserted in the Complaint

Plaintiff alleges that without any authorization the Defendants sold and are selling dietary supplements to customers in the United States and abroad on its internet website and through internet platforms such as Amazon.com and eBay.com identified as Plaintiff's trademarked PREVAGEN® products. Plaintiff alleges that Defendants sell products which are materially different than Plantiff's trademarked PREVAGEN® products.

Plaintiff asserts claims for Trademark Infringement in violation of 15 U.S.C. § 1114, False Designation of Origin and Unfair Competition in violation of 15 U.S.C. § 1125(a), Dilution in violation of 15 U.S.C. § 1125(c), as well as various state law dilution and deceptive trade practice claims.

Defendants specifically deny all said allegations and demand strict proof thereof. Defendants assert that the goods at issue are genuine PREVAGEN® products, that neither the products nor packaging have been altered or tampered with, that the products do not exceed any expiration date and are not otherwise materially different than products sold by Plaintiff through

its selected distribution outlets. Defendants are entitled to sell the goods under the first sale doctrine and other legal theories, and Defendants claims do not constitute valid claims for diversion.

      **d.**      **Plaintiff identifies the following major legal and factual issues anticipated in this case:**

(1) Whether Defendants' acts of selling products bearing Plaintiff's marks without authorization constitute trademark infringement, unfair competition, or dilution: that is, whether Plaintiff owns a protectable trademark and whether Defendants' use of the mark is likely to cause confusion among consumers;

(2) Whether Defendants' actions have constituted dilution, deceptive trade practices or unjust enrichment in violation of Illinois law;

(3) The precise amount of unauthorized products sold by Defendants bearing Plaintiff's PREVAGEN® registered trademark; Defendants' gross sales and revenues gained from these unlawful actions; and Defendants' sources from which said products were obtained.

      **Defendants identify the following major legal and factual issues anticipated in this case:**

(1)      Whether this Court has personal jurisdiction over Defendants;

(2)      Whether this Court has subject matter jurisdiction over Defendants

(3)      Whether the Northern District of Illinois is the appropriate venue to hear Plaintiff's claims;

(4)      Whether the first sale doctrine precludes Plaintiff from maintaining its claims for trademark infringement, unfair completion, dilution, or any other legal claim;

(5)      Whether Defendants' products are materially different from those of Plaintiff;

(6)     Whether Plaintiff's warranty claims create a legal basis to allege diversion to support any alleged claims for trademark infringement, unfair completion, dilution, or any other legal claim.

(7)     The quantities, revenues and profits (or losses) from Defendants' sale of PREVAGEN products.

### e.     Type and Calculation of Damages

Plaintiff respectfully submits that a calculation of damages cannot be determined until further discovery reveals the extent of the Defendants' sales of infringing products bearing Plaintiff's marks and other infringing acts.  Plaintiff seeks statutory and treble damages (or reserves the right to select actual damages), and profits.  Plaintiff additionally seeks to preliminarily and permanently enjoin the Defendants from using Plaintiff's marks or mark calculated to represent as any association therewith.

The Defendants deny all of the allegations asserted and demands strict proof thereof.

## 4.     <u>Pending Motions and Case Plan</u>

### a.     Pending Motions

Defendants intend to file a Motion to Dismiss the entire Complaint.  The Parties anticipate filing a Motion for a Protective Order and expect that this will be an agreed motion.

### b.     MIDP Project Case

This case falls within this Court's Mandatory Initial Discovery Pilot (MIDP) Project.  (Dkt No. 10.)  Attorneys for Plaintiff and the Defendants hereby certify that they have read the MIDP Standing Order.

### c.     Updated Proposal for Traditional Discovery and Case Management Plan

(1)      **General type of discovery needed:** The Parties expect that traditional discovery will take place in the form of Interrogatories, Requests for Admission, Requests for Production and Depositions.  The Parties expect that electronic discovery will be necessary in the form of locating and identifying email communications and electronic internet-based purchases. Plaintiff does not envision any type of bifurcated discovery at this time.

The Parties anticipate filing a Motion for a Protective Order.

(2)      **Date for Rule 26(a)(1) Initial Disclosures:** Relying on paragraph 4 of the Court's Standing Order, the Parties jointly request that their initial discovery responses be deferred for 30 days because the Parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days of the due date for their responses. .

(3)      **Date to Issue Written Discovery: March 27, 2018**

(4)      **Need for Confidentiality Orders:** The Parties anticipate that a confidentiality protective order will be necessary to protect the exchange of personal identifying information (PII), bank records, and other similar business records of the Defendants that relate to the sale of the Plaintiff's products at issue in this case, as well as Plaintiff's confidential business records and other proprietary business and technical information.

(5)      **HIPAA Waivers:** The Parties do not anticipate that any discovery in this action will require HIPAA waivers or otherwise entail the production or exchange of personal health information.

(6)      **Fact Discovery Completion Date: July 17, 2018**

(7)      **Expert Discovery, and if so, Completion Date: September 17, 2018**

(8)      **Deadline for Filing Dispositive Motions:  October 19, 2018**

(9)      **Tentative Trial Date: December 17, 2018**

d.      **Trial Type and Expected Length:** The Parties jointly request a jury trial

in its Complaint, and estimates a trial length of 2-3 days.

**5.      <u>Consent to Proceed Before a Magistrate Judge</u>**

The Parties do not consent at this time to proceed before a Magistrate Judge.

**6.      <u>Status of Settlement Discussions</u>**

a.      **Description of Settlement Discussions:**

There have been extensive settlement discussions to-date.  The parties are

optimistic that a final settlement agreement will be executed in the near future. A settlement in

principle has been reached and the final documentation is being prepared for execution.

b.      **Whether the Parties Request a Settlement Conference:**

Because the Parties believe settlement is imminent, the Parties do not request a

Settlement Conference at this time.

**7.      <u>MIDP Checklist</u>**

The Parties have reviewed the Checklist with each other and with their respective clients,

and are prepared to discuss the Checklist at the Initial Status Conference on January 30, 2018.

Given the pending settlement, the parties request that the Initial Status Conference be postponed.


Dated: January 25, 2018.                     Respectfully submitted,


By: *<u>/s/ Sanjay S. Karnik</u>*
Jonathan J. Krit
Illinois Reg. No. 6201473
Sanjay S. Karnik

7

Illinois Reg. No. 6300156
AMIN TALATI UPADHYE, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 327-3328
Facsimile: (312) 884-7352
*Attorneys for Plaintiff,*
*Quincy Bioscience, LLC*

By: /s/Belinda J. Scrimenti
Belinda J. Scrimenti
Illinois Reg. No. 6288885
Paul A. Borovay
Illinois Reg. No. 6312390
200 South Wacker Drive
Suite 2900
Chicago, Illinois  60606
Telephone: (312) 554-8000
bscrimenti@pattishall.com
pborovay@pattishall.com
*Attorneys for Defendants, Emily Sears and EJ Sears*
*Enterprizes*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of <u>January</u>, 2018, we filed the foregoing JOINT

INITIAL STATUS REPORT using the CM/ECF system, which will give notice to:

> Belinda J. Scrimenti
> Illinois Reg. No. 6288885
> Paul A. Borovay
> Illinois Reg. No. 6312390
> 200 South Wacker Drive
> Suite 2900
> Chicago, Illinois  60606
> Telephone: (312) 554-8000
> bscrimenti@pattishall.com
> pborovay@pattishall.com

> <u>/s/ Sanjay S. Karnik</u>
> <u>/s/ Jonathan J. Krit</u>